UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AKEENA LAYAMBA TARVER,

    Petitioner,

v.                                                                         Case No. 3:13cv396/RV/CJK

MICHAEL D. CREWS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 17). Petitioner opposes dismissal. (Doc. 22). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On December 23, 2009, petitioner was charged with Aggravated Battery With Great Bodily Harm or With a Deadly Weapon, in Okaloosa County Circuit Court Case Number 09-CF-2422. (Doc. 17, Ex. B, p. 6).[1] On December 31, 2009, the State filed a Notice of Intent to Seek Habitual Felony Offender Sentencing, as well as a Notice of Defendant's Qualification as a Prison Releasee Reoffender (PRR). (Ex. B, pp. 7-8). Petitioner went to trial and, on May 18, 2010, was found guilty as charged by jury verdict. (Ex. B, p. 32). Petitioner was adjudicated guilty and sentenced as a PRR to a mandatory sentence of 15 years in prison. (Ex. B, pp. 50-59). Petitioner's judgment of conviction was affirmed on direct appeal on July 13, 2011, without a written opinion. *Tarver v. State*, 64 So. 3d 1267 (Fla. 1st DCA 2011) (per curiam) (Table) (copy at Ex. G).

On August 25, 2011, petitioner filed a *pro se* motion for reduction or modification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), arguing for leniency. (Ex. I). The trial court denied the motion in a written order filed September 2, 2011, stating: "The Court cannot modify or otherwise reduce a mandatory sentence imposed pursuant to the PRR statute." (Ex. J (citing *State v. Cotton*, 769 So.2d 345 (Fla. 2000))).

On May 15, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. K, pp. 1-11). Petitioner's motion, which was filed on the court form, contained an oath but did not set forth any specific claims or supporting facts within the motion. Instead, petitioner's specific claims and supporting facts were pleaded in a separately filed, unsworn pleading

---

[1] All references to exhibits are to those provided at Doc. 17, unless otherwise noted.

titled, "Ground(s): 1, 2, 3, &4." (Ex. K, pp. 12-16). On September 6, 2012, the state circuit court dismissed the motion without prejudice with leave to amend, finding petitioner's application did not comply with Florida's oath requirement. (Ex. L (*citing Esteves v. State*, 849 Fo.2d 1153 (Fla. 5th DCA 2003) (affirming dismissal of defendant's unsworn, unsigned motion for postconviction relief without prejudice to defendant's refiling a properly executed motion under oath))). Petitioner filed a second Rule 3.850 motion on September 26, 2012. (Ex. M, pp. 1-42). The state circuit court summarily denied relief on January 9, 2013. (Ex. M, pp. 43-74). The Florida First District Court of Appeal ("First DCA") affirmed without a written opinion on April 3, 2013. *Tarver v. State*, 110 So. 3d 445 (Fla. 1st DCA 2013) (per curiam) (Table) (copy at Ex. P). The mandate issued April 30, 2013. (Ex. Q).

Petitioner filed his federal habeas petition on July 3, 2013. (Doc. 1, p. 1). Respondent asserts the petition is untimely and should be dismissed. (Doc. 17).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

    Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

    The First DCA affirmed petitioner's judgment of conviction on July 13, 2011. Petitioner did not seek review of his conviction in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244 on October 11, 2011, when the ninety-day period for seeking certiorari from the Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for

---

    [2] The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

filing a petition for certiorari with the United States Supreme Court). The federal habeas statute of limitations began to run on October 12, 2011, and expired one year later on October 12, 2012, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner filed a Rule 3.800(c) motion on August 25, 2011, but that motion did not statutorily toll the limitations period, because a Rule 3.800(c) motion does not constitute a motion for "post-conviction or other collateral review" within the meaning of § 2244(d)(2). *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008) (holding that petitioner's Fla. R. Crim. P. 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an application for State postconviction or other collateral review with respect to the pertinent judgment under § 2244(d)(2)); *see also Baker v. McNeil*, 439 F. App'x 786, 787-89 (11th Cir. Aug. 17, 2011) (distinguishing *Wall v. Kohli*, 562 U.S. —, 131 S. Ct.1278 (2011), and confirming the continued validity of *Alexander, supra*).

Petitioner filed his first Rule 3.850 motion on May 15, 2012, but that motion did not statutorily toll the limitations period, because it was not "properly filed" within the meaning of § 2244(d)(2). An application is "properly filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000) (footnote omitted). Under Florida law, a Rule 3.850 motion for postconviction relief must contain either a notarized or an unnotarized oath. *See* Fla. R. Crim. P. 3.850(c); *see also* Fla. R. Crim. P. 3.987.

Petitioner's May 15, 2012 Rule 3.850 motion was stricken for petitioner's failure to comply with Florida's oath requirement, which is a filing requirement. The state postconviction court's determination that petitioner's motion was non-compliant is entitled to deference on federal habeas review. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (stating that federal courts should defer to a state court's decision as to whether a state postconviction motion meets the State's filing requirements). The Eleventh Circuit has held that a Rule 3.850 motion that did not contain the written oath required by Florida law and which was stricken by the state court without prejudice with leave to amend is not "properly filed" under § 2244(d)(2) and does not toll the federal habeas limitations period. *Hurley v. Moore*, 233 F.3d 1295, 1297-98 (11th Cir. 2000); *see also, e.g., Jones v. Sec'y, Fla. Dep't of Corr.*, 499 F. App'x 945, 950 (11th Cir. Dec. 5, 2012) (deferring to state court's determination that petitioner's Rule 3.850 motion was not properly verified as required by Florida law, and concluding that the motion was not "properly filed" under § 2244(d)(2)). Petitioner's March 15, 2012 motion did not toll the AEDPA's limitations period. *See Hurley*, 233 F.3d at 1298.

Petitioner filed his second Rule 3.850 motion on September 26, 2012, which was 350 days after the limitations period began to run. Petitioner's Rule 3.850 motion was pending (and statutorily tolled the limitations period) from September 26, 2012 (the date it was filed), until April 30, 2013 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief). *See Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 2138, 153 L. Ed. 2d 260 (2002) (holding that "an application is pending as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process."); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" Rule 3.850

motion is "pending" under Florida procedure – and consequently tolls the limitation period – until the appellate court's issuance of the mandate on appeal).  The limitations period expired 15 days later on May 15, 2013.  Petitioner did not file his federal habeas petition until July 3, 2013.

Petitioner has not established his entitlement to equitable tolling or any other exception to the limitations period.[3]  Petitioner's failure to timely file his petition requires dismissal of this case.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

[3] Petitioner's response does not dispute any of the background or procedural facts; petitioner merely makes the conclusory assertion that his federal habeas petition was filed "well within the required 1-year period of limitations."  (Doc. 22, p. 3).

*Case No: 3:13cv396/RV/CJK*

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 17) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Akeena Layamba Tarver* in the Circuit Court for Okaloosa County, Florida, Case No. 09-CF-2422, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 30th day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).